UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DIANA HUDSON,<br>　　　　Plaintiff,<br>　v.<br>ALASKA AIRLINES, INC.,<br>　　　　Defendant. | Case No. 18-cv-03284-PJH<br><br>**ORDER RE DISCOVERY LETTER BRIEF**<br><br>Re: Dkt. No. 35 |

The court is in receipt of the parties' joint letter brief wherein defendant Alaska Airlines, Inc. requests that the court reopen expert discovery and compel the depositions of ten of plaintiff Diana Hudson's "non-retained" witnesses.[1] Having reviewed that briefing and the supporting papers, the court GRANTS IN PART and DENIES IN PART defendant's request.

Based on the briefing before it, the court finds that defendant's motion to compel is premature and is therefore DENIED. "Under Rule 37, a [m]otion to compel a deposition may only be made if [1] a party fails to appear for a deposition [2] after properly being served with a deposition notice." Tian-Rui Si v. CSM Inv. Corp., No. C-06-7611 PVT, 2007 WL 9232170, at *1 (N.D. Cal. July 25, 2007); Moore v. Superway Logistics, Inc., No. 117CV01480DADBAM, 2019 WL 2285392, at *3 (E.D. Cal. May 29, 2019) ("A motion to compel attendance at a deposition is not ripe for decision where no notice or subpoena has issued and the deposition has not yet occurred.") (collecting cases). Defendant has

---

[1] The parties appear to dispute whether these witnesses are "non-retained fact witnesses" or "non-retained expert witnesses." The court need not weigh in on that issue to resolve the requests presently before it.

1 failed to show that either requirement has been satisfied.

2 First, though defendant served deposition notices on each non-retained witness on April 30, 2019, there is no evidence that the non-retained witnesses failed to appear for their noticed depositions. In fact, it appears that defendant voluntarily re-noticed those depositions by subpoenaing the non-retained witnesses on May 20, 2019. However, there is no evidence that the non-retained witnesses refused to comply with those subpoenas.[2]

Second, defendant has not shown that the non-retained witnesses were properly subpoenaed. Federal Rule of Civil Procedure 45 sets forth the form and content requirements for a federal subpoena. Here, the only subpoena attached to the parties' briefing is a Superior Court of California form subpoena. See Dkt. 35 at 18-19. At a minimum, that subpoena, which is apparently exemplary of defendant's other subpoenas, fails to set forth the title of this action and fails to set out the text of Rule 45(d) and (e) in violation of Rule 45. See Fed. R. Civ. P. 45(a); Cramer v. Target Corp., No. 1:08CV1693OWWSKO, 2010 WL 1791148, at *2 (E.D. Cal. May 4, 2010) (finding subpoena did not satisfy Rule 45 because it failed to set forth the text of the relevant subsections). For that additional reason, the court declines to compel the depositions of the non-retained witnesses.

Next, the court turns to defendant's request to reopen discovery. In short, defendant argues that good cause exists to reopen discovery because plaintiff's conduct has prevented defendant from deposing the non-retained witnesses in a timely fashion. The court agrees.

As a starting point, plaintiff does not dispute that her initial April 30, 2019 disclosures regarding the non-retained witnesses were deficient. However, plaintiff retorts that any prejudice was of defendant's own making because defendant took about

---

[2] Based on the parties' briefing, it appears that the depositions did not occur because the parties could not agree on whether the witnesses should be paid the standard statutory fee or if they should be paid a fee commensurate with their present salary.

a month to complain of plaintiff's deficient disclosures. Further, plaintiff continues, plaintiff's actions did not prejudice defendant because plaintiff provided supplemental disclosures within three business days of defendant complaining about the plaintiff's initial disclosures.[3]

That speedy response, however, neither mitigates plaintiff's failure to provide adequate disclosures nor alleviates defendant's prejudice. In response to plaintiff's initial disclosure (apparently) identifying the ten non-retained witnesses as "fact witnesses," see Dkt. 35 at 12, defendant immediately took steps to depose those witnesses. Those non-retained witnesses, however, objected to the depositions, contending that they should be paid more than the statutory witness fee. Nor was plaintiff silent during defendant's attempt to set those depositions. Instead, plaintiff herself objected—apparently on behalf of the witnesses—that defendant should pay whatever fee the non-retained witnesses demanded. Only at the eleventh hour, mere days before the discovery deadline closed, did plaintiff withdraw that objection and provide supplemental disclosures. Taken as a whole, plaintiff's conduct left defendant with just a handful of days to complete ten depositions before the discovery cutoff—a deadline that plaintiff refused to extend by stipulation.

Based on the above, the court GRANTS defendant's request to reopen expert discovery until July 19, 2019, for the limited purpose of conducting discovery related to plaintiff's ten non-retained witnesses.

Lastly, cognizant that this order does not resolve several underlying issues related to the non-retained witnesses, the court leaves the parties with the following guidance. First and foremost, the parties are reminded that they "have an obligation to negotiate in good faith and cooperate in discovery." Sayta v. Martin, No. 16-CV-03775-LB, 2019 WL 1102989, at *1 (N.D. Cal. Mar. 8, 2019). At the very least, that requires reasonableness. It also requires "honesty in one's purpose to meaningfully discuss the discovery dispute,

---

[3] The court expresses no opinion regarding the adequacy of plaintiff's supplemental disclosure.

3

freedom from intention to defraud or abuse the discovery process, and faithfulness to one obligation to secure [and provide] information without court action." Whiting v. Hogan, No. 12-CV-08039-PHX-GMS, 2013 WL 1047012, at *2 (D. Ariz. Mar. 14, 2013) (quotation marks omitted).

Second, and specifically pertinent to the present issue, this court will not allow any witness to testify at trial unless both parties have had the opportunity to take the witness' deposition. For that reason, the court advises the parties to work cooperatively towards reaching an agreement regarding the non-retained witnesses' compensation. On that point, the court provides the following additional guidance: If the non-retained witnesses are compensated at the statutory rate, then they will only be allowed to testify as fact witnesses; expert opinion and testimony will not be allowed on behalf of either party. On the other hand, if the non-retained witnesses receive their customary compensation then—if otherwise appropriate—they will be allowed to testify in their expert capacities.

## CONCLUSION

For the foregoing reasons, the court DENIES defendant's motion to compel the depositions of the ten non-retained fact witnesses and GRANTS defendant's motion to reopen discovery until July 19, 2019, with the limitations set forth above.

**IT IS SO ORDERED.**

Dated: June 18, 2019

PHYLLIS J. HAMILTON
United States District Judge